# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

A. JOSEPH RAETANO,

    Plaintiff,

v.                                                                             Case No: 8:09-cv-01569-T-30EAJ

SARDO'S PIZZA, INC.,

    Defendant.

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss or, in the Alternative, Motion For More Definite Statement (Dkt. 3). The Court, having considered the motion, response, and complaint, concludes that Defendant's motion should be denied.

Plaintiff, A. Joseph Raetano (hereinafter "Plaintiff"), brought a Complaint against Defendant, Sardo's Pizza, Inc. (hereinafter "Defendant"), alleging that Plaintiff suffered legal harm and legal injury as a result of Defendant's violations of Title III of the Americans with Disabilities Act of 1990. 42 U.S.C. §§ 12181-12189 (2008).

**I.    Motion to Dismiss**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). Determining

the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994).

To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Court. 1955, 1960 (2007). "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is . . . 'exceedingly low.'" Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. Latin American Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Court. at 1959.

    A.    Failure to Include a Specific Date Does Not Make Plaintiff's Complaint Too Vague to State a Claim

Defendant argues that Plaintiff's "failure to insert a date [in his Complaint] bears directly on whether or not the Plaintiff has stated a claim upon which relief would be granted in that the date of the visit is not known nor alleged and, therefore, Plaintiff has failed to give a specific instance or occasion of when he may have been damaged." (Dkt. 3 at 2.) In his response (Dkt. 9), Plaintiff appropriately relies on Schiavo ex rel. Schindler v. Schiavo, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005) (citing Larsen v. Carnival Corp., Inc., 242 F. Supp.

2d 1333, 1342 (S.D. Fla. 2003)) for an enumeration of the burdens borne by a plaintiff in a Title III action. A plaintiff in such an action has the burden of providing: "(1) that [he] is an individual with a disability; (2) that defendant is a place of public accommodation; and (3) that defendant denied [him] full and equal enjoyment of the goods, services, facilities or privileges offered by defendant; (4) on the basis of [his] disability." 358 F. Supp. 2d at 1165.

Plaintiff correctly notes that the Complaint addressed each of these four elements. Furthermore neither the statute nor a survey of the case law revealed an explicit requirement that a specific date be alleged as part of a claim under Title III of the ADA. See 42 U.S.C. § 12188(a) (2008). Nevertheless, the failure to include a date of the visit, could conceivably implicate Plaintiff's standing to bring a suit under Title III.

In <u>Shotz v. Cates</u>, 256 F.3d 1077, 1081 (11th Cir. 2001) (citations and internal quotation marks omitted), the Eleventh Circuit held that, in order to establish standing, "[f]irst, [the plaintiff] must show that he has suffered an injury-in-fact. Second, the plaintiff must demonstrate a causal connection between the asserted injury-in-fact and the challenged action of the defendant. Third, the plaintiff must show that the injury will be redressed by a favorable decision." Here, Plaintiff alleged that he visited Defendant's restaurant prior to the filing of the instant lawsuit, that the barriers to access present there caused him legal harm, and that the injunction sought will enable him to enjoy Defendant's establishment in the future. (Dkt. 1 at 4-5.) This is sufficient to create standing.

With regard to the timing of the injury, a relative date, rather than a specific one, is necessary to meet the standing requirement. See <u>Resnick v. Magical Cruise Co., Ltd.</u>, 148

F. Supp. 2d 1298, 1302 (M.D. Fla. 2001) (holding that "because standing is determined as of the date of the commencement of the lawsuit, any attempts to achieve standing after the suit was filed are ineffective."). As a corollary, a plaintiff must only be required to show that standing existed at the time of filing; i.e., that the legal injury occurred at some time prior to the filing of the suit. The factual particulars of Plaintiff's visit can be determined during appropriate discovery.

> B. <u>Failure to Include an Exhaustive List of Barriers, Conditions, and ADA Violations Does Not Make Plaintiff's Complaint Too Vague to State a Claim</u>

Defendant characterizes the portion of Plaintiff's Complaint listing the observed ADA violations as a "laundry list of unlawful physical barriers, dangerous conditions, and ADA violations." (Dkt. 3 at 2.) Defendant argues that because Plaintiff's Complaint does not include a date or specific violation which harmed the Plaintiff, it fails to state a claim upon which relief can be granted. <u>Id.</u> The Court disagrees. As discussed above, the specific date of the visit is not necessary. Moreover, the Court agrees with the Plaintiff that specific details of the violations encountered and proposed remediation are not required in an initial pleading. Plaintiff listed specific violations and therefore meets the "exceedingly low" threshold of sufficiency required by <u>Ancata</u>. 769 F.2d at 703.

Accepting all of the factual allegations in the Complaint as true and evaluating all inferences derived from those facts in the light most favorable to Plaintiff, the Court concludes that Plaintiff has sufficiently stated a cause of action under Title III of the ADA. Therefore, Defendant's motion to dismiss is denied.

## II. Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." However, motions for a more definite statement are disfavored under the law. See Campbell v. Miller, 836 F. Supp. 827, 832 (M.D. Fla. 1993); Bazal v. Belford Trucking Co., Inc., 442 F. Supp. 1089, 1101 (S.D. Fla. 1977). "A motion for a more definite statement should only be granted when the pleading to which the motion is directed is so ambiguous or vague that a party cannot be reasonably expected to respond." Eye Care Int'l, Inc. v. Underhill, 92 F. Supp. 2d 1310, 1316 (M.D. Fla. 2000). "Furthermore, a motion for more definite statement is not to be used as a substitute for discovery." Id. (citing Delta Educ., Inc. v. Langlois, 719 F. Supp. 42, 50-51 (D.N.H. 1989)).

In the alternative, Defendant moves for a more definite statement. Defendant argues that Plaintiff's Complaint is so vague and ambiguous that Defendant "cannot reasonably prepare and file an answer or responsive pleading thereto." (Dkt. 3 at 2.) Additionally, Defendant argues that without a specific date on which Plaintiff encountered the barriers, conditions, and violations, Defendant cannot formulate a response. Id. However, Defendant offers no support for the conclusion that allegations which do not catalog every detail of a violation are so vague and ambiguous as to warrant a more definite statement.

As noted above, the elements of an action under Title III of the ADA are that "(1) [the plaintiff] is an individual with a disability; (2) that defendant is a place of public

accommodation; and (3) that defendant denied [him] full and equal enjoyment of the goods, services, facilities or privileges offered by defendant; (4) on the basis of [his] disability." Schiavo, 358 F. Supp. 2d at 1165. Upon review of the Complaint (Dkt. 1), the Court concludes that Plaintiff has sufficiently alleged the required elements of the cause of action. Defendant's arguments concerning the lack of specificity regarding the date of Plaintiff's visit and the specific violations he encountered are not persuasive at this stage. Defendant can obtain more specific information through discovery.

For these reasons, the Court concludes that Plaintiff's Complaint is not so ambiguous or vague that Defendant cannot be expected to respond. Therefore, Defendant's motion for a more definite statement is denied.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Dkt. 3) is **DENIED**.

2. Defendant is directed to file an answer to the Complaint within twenty (20) days of the entry of this Order.

**DONE** and **ORDERED** in Tampa, Florida on January 21, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2009\09-c-v1569.mtd 3.wpd